UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SONYA MARY STREIFF-GARZA, | Case No. 16-CV-2937 (MJD/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| WALGREEN'S, | |
| Defendant. | |

---

Plaintiff Sonya Mary Streiff-Garza did not pay the filing fee for this lawsuit, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court finds that Streiff-Garza does not qualify financially for IFP status, because she has over $20,000 in checking and savings accounts from which to pay the $400.00 filing fee. Even leaving that aside, however, an IFP application will be denied, and an action will be dismissed, when a complaint is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

There is no question that Streiff-Garza's complaint both fails to state a claim on which relief may be granted and is frivolous. Her sole allegation against defendant Walgreen's is that the company has committed "attempted murder and rampant poisonings and torture on such a monolithic scale and to such a high-degreed level and to such exponential levels as not before seen by the likes of God." Compl. ¶ 7 [ECF No. 1] (emphases in original; sic throughout). These claims are entirely conclusory — Streiff-Garza does not allege what, specifically, Walgreen's has done — and are therefore not entitled to the usual assumption of truth. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Once these conclusory allegations are omitted, nothing remains of the complaint, and thus Streiff-Garza cannot have stated a viable claim for relief.  Streiff-Garza's allegations are also outlandish, delusional, and fantastic on their face, and are therefore frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

This action should not be permitted to proceed.  This Court therefore recommends that Streiff-Garza's IFP application be denied and that this action be summarily dismissed.  Streiff-Garza is warned that the right of access to the courts afforded to pro se litigants does not ensure an unrestricted opportunity to pursue frivolous, malicious, abusive, or repetitive proceedings.  Given her history of frivolous litigation in this District, it may at some point become necessary to restrict Streiff-Garza's ability to initiate new lawsuits without prior approval of an officer of the court.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Sonya Mary Streiff-Garza's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

2. This action be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Streiff-Garza's motion to take notice [ECF No. 3] be DENIED AS MOOT.

Dated: December 7, 2016                    *s/Franklin L. Noel*
                                           Franklin L. Noel
                                           United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.